UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA J. KUCZAK,

    Plaintiff,

vs.

CITY OF TROTWOOD, OHIO, *et al*.,

    Defendants.

Case No. 3:13-cv-101

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS AND TO REMAND THE ADMINISTRATIVE APPEAL (DOC. 40) BE DENIED**

---

This civil case -- which was recently referred to the undersigned (doc. 46) -- is before the Court on Defendants' combined motion to dismiss the second amended complaint and to remand Plaintiff's administrative appeal to the Montgomery County, Ohio Court of Common Pleas. Doc. 40. Plaintiff filed a memorandum in opposition to Defendants' motion. Doc. 42. Thereafter, Defendants filed a reply memorandum. Doc. 45. The undersigned has carefully considered each of these documents, and Defendants' motion is now ripe for decision.

**I.**

On or about November 6, 2012, the City of Trotwood Police Department cited Plaintiff for speeding. *See* doc. 1-4 at PageID 64. The alleged speeding offense was caught by a City of Trotwood speed camera. *Id*. Plaintiff purportedly appealed the citation and, following an administrative appeal hearing, a hearing officer found Plaintiff responsible for the alleged offense and ordered her to pay an $85.00 civil penalty. *Id*.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Thereafter, Plaintiff appealed to the Montgomery County, Ohio Court of Common Pleas and, in addition to the administrative appeal, asserted claims under 42 U.S.C. § 1983 alleging that the City's traffic speed enforcement camera ordinances violate her due process rights under Fifth and Fourteenth Amendments of the United States Constitution (as well as her rights under the Ohio Constitution). *See* doc. 6 at PageID 78-81. Among other alleged constitutional deprivations, Plaintiff alleges that the ordinances deprive her of her right to present all arguments and defenses available to her under the law. *See* doc. 37 at PageID 300. Defendants removed the case to this Court on the basis that Plaintiff asserts federal claims under 42 U.S.C. § 1983, and now seek to dismiss the complaint on the authority of the Supreme Court of Ohio's decision in *Walker v. Toledo*, 39 N.E.3d 474 (Ohio 2014).

## II.

While Defendants caption their motion as one to dismiss under Fed. R. Civ. P. 12(b)(6), because they have answered the amended complaint (doc. 39), their motion is technically a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). The standard for determining a motion for judgment on the pleadings is, however, the same as that for determining a Rule 12(b)(6) motion to dismiss. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Such motion operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering

2

mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, courts may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679.

### III.

As noted above, Defendants seek to dismiss the complaint on the authority of *Walker*. Doc. 40 at PageID 314. In that case, the court made two holdings: (1) "[n]either [Ohio Rev. Code] § 1901.20 nor [the] Ohio Constitution, Article IV, Section 1 are offended when a home rule municipality enacts, by ordinance, a civil administrative process for photo enforcement of speed and red light violation"; and (2) Ohio Rev. Code § 1901.20 "does not confer exclusive jurisdiction over civil administrative violations of municipal codes to municipal courts." *Walker*,

3

39 N.E.3d at 476. Neither holding directly addresses Plaintiff's specific due process claims in this case -- *i.e.*, that the administrative process adopted by the City of Trotwood deprives her of due process of law -- nor conclusively dictates that judgment in favor of Defendants must issue as a matter of law.

Defendants do argue, however, that the *Walker* decision implicitly accepts the sufficiency of the processes here at issue, *see* doc. 40 at PageID 320, and further state that Plaintiff's due process claims have no merit because "there is no requirement in Ohio that an administrative hearing be conducted with the same formalities and protections or a typical court proceeding." Doc. 40 at PageID 320. Certainly, courts have considered and concluded that, in similar cases where the administrative process results in a civil penalty, as opposed to a criminal sanction, many procedures -- such as adherence to the Rules of Evidence -- do not apply. *See Balaban v. City of Cleveland*, No. 1:07-cv-1366, 2010 WL 481283, at *6-7 (N.D. Ohio Feb. 5, 2010).

The court in *Balaban* -- whose decision is, notably, not binding on this Court -- found that the plaintiff there had no procedural due process right to apply typical criminal procedural safeguards or the Rules of Evidence to civil administrative proceedings. *Id*. There, the court reached that decision only after extensively analyzing whether the ordinance in question imposed a civil penalty, as opposed to a criminal sanction. *Id*. at *3. Defendants engage in no such analysis and, further, offer no discussion comparing the ordinances at issue here with the ordinances at issue in that case. As a result, Defendants merely assume that the Trotwood Ordinances impose a civil penalty and that this Court would agree with the decision in *Balaban* without any discussion as to why it should do so.

The undersigned declines to engage in such an extensive analysis in the absence of developed argument by Defendants. Finding that *Walker* does not directly address the procedural due process issues presented here, Defendants' motion should be denied.

The undersigned further finds that, even assuming, *arguendo*, this Court accepts the non-binding conclusions in *Balaban*, that decision does not address all of the procedures Plaintiff alleges she was deprived of here. In fact, Defendants do not directly address whether the ordinances in question deprived Plaintiff of the full and fair opportunity to be heard -- by precluding defenses otherwise available under the law. *See* doc. 37 at PageID 301. Notably, Trotwood Ordinance § 333.09 purports to impose a civil penalty where the driver operates a vehicle "in excess of [the] posted speed limit in violation of Section 333.03 of the Trotwood" Ordinances. *See* doc. 20-1 at PageID 137. However, contrary to the language of § 333.09, operating a vehicle in excess of the posted speed limit is not necessarily a *per se* violation of Trotwood Ordinance § 333.03. Doc. 42-3 at PageID 42-3. Instead, a driver violates Trotwood Ordinance § 333.03 by operating, "a motor vehicle at a speed greater . . . than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions[.]" *Id*.

While there are instances under § 333.03 in which exceeding a certain speed is a *per se* violation -- *i.e.*, a speed in excess of fifty-five miles per hour on streets or highways, *see* doc. 42-3 at PageID 351-52 -- none of those instances appear to be at issue in this case.[2] Thus, under § 333.03(d) of the Trotwood Ordinances, if Plaintiff actually drove in excess of the posted speed limit, such act is only *prima facie* unlawful. Under Ohio law, Plaintiff possesses the right to rebut such a presumption "by . . . showing that . . . the speed was reasonable under the conditions

---

[2] Defendants have acknowledged in other filings in this case that Plaintiff was allegedly travelling 51 miles per hour in a 35 miles per hour zone. *See* doc. 18 at PageID 122.

5

present at the time [she] was charged with speeding." *Columbus v. Bell*, No. 09AP-1012, 2010 WL 2555108, at *4 (Ohio Ct. App. June 24 2010).  It appears -- and is alleged -- that Plaintiff was deprived of this opportunity in this case.  In fact, a review of the administrative appeal procedures set forth in Trotwood Ordinance §§ 333.09(c)(3), (d)(2) & (d)(6) demonstrates that drivers are essentially precluded from arguing, and hearing officers are essentially precluded from considering, arguments regarding a reasonable and proper speed, *i.e.*, an essential element of a § 333.03 offense.  *See* doc. 20-1 at PageID 137-38.

Defendants acknowledge that Plaintiff has a due process right to be heard.  *See* doc. 40 at PageID 320; doc. 45 at PageID 398.  Generally, in this regard, "[d]ue process requires that there be an opportunity to present every available defense."  *Cf. Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 168 (1932); *Patterson v. New York*, 432 U.S. 197, 210 (1977) (noting that due process requires the prosecution prove "all of the elements included in the definition of the offense of which the defendant is charged"); *see also Sohi v. Ohio State Dental Bd.*, 720 N.E.2d 187, 193 (Ohio 1998) (finding a procedural due process violation in an administrative hearing where the movant was "effectively denied the ability to present a defense").  Defendants, in their motion, do not address this alleged due process violation with any developed argumentation.  *See* docs. 40, 45.

Accordingly, the undersigned finds that Plaintiff alleges a plausible claim in this regard and, therefore, Plaintiff's due process claim (*i.e.*, denial of a full and fair opportunity to be heard and to present all available defenses) survives at this stage of the litigation.

## IV.

Based upon the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (doc. 40) be **DENIED**. Further, finding dismissal unwarranted, the undersigned further **RECOMMENDS** that Defendants' request for remand be **DENIED**.

**IT IS SO ORDERED.**

Date:  July 8, 2016                                       *s/ Michael J. Newman*
                                                          Michael J. Newman
                                                          United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).