UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA J. KUCZAK,

    Plaintiff,

vs.

CITY OF TROTWOOD, OHIO, *et al.*,

    Defendants.

Case No. 3:13-cv-101

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## ORDER

    This civil case is before the Court on Plaintiff's motion to compel discovery.  Doc. 49. Defendants filed a memorandum in opposition to Plaintiff's motion to compel.  Doc. 53. Thereafter, Plaintiff filed a reply memorandum.  Doc. 55.  The Court held a hearing and heard oral argumetns from both sides on August 25, 2016.  Attorney Konrad Kuczak participated on behalf of Plaintiff.  Plaintiff Patricia Kuczak also appeared.  Attorneys Dawn Frick and David Shaver appeared on behalf of Defendants.  The Court has considered all of the written submissions of the parties, as well as the oral arguments of counsel, and Plaintiff's motion to compel is ripe.

    "[T]he scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses.  Fed. R. Civ. P. 37(a)(3)(B).  The "proponent of a motion to compel

discovery bears the initial burden of proving that the information sought is relevant." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013) (internal citation omitted). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *Wagner v. Circle W Mastiffs*, No. 2:08-cv-431, 2013 WL 4479070, at *3 (S.D. Ohio Aug. 19, 2013) (citation omitted).

Under Rule 37 and the corresponding provision of the Southern District of Ohio's Local Rules, counsel have an obligation to attempt in good faith to resolve all discovery disputes extrajudicially (*i.e.*, without Court intervention) before filing motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Local Rule 37.1. This "meet and confer" requirement requires counsel to communicate in good faith with each other -- via telephone, letter correspondence, or email -- to attempt to resolve any discovery disputes prior to the filing of a motion to compel. Such extrajudicial efforts must also be undertaken by counsel before an informal telephone discovery conference is sought with the judicial officer supervising discovery. S.D. Ohio Local Rule 37.1.

Here, while Plaintiff's counsel provided a sworn certification regarding extrajudicial efforts undertaken to resolve the discovery dispute without Court intervention, the Court finds that such efforts do no satisfy the good faith requirements of both Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1. Plaintiff's counsel's certification refers to a single letter he sent to defense counsel -- a letter in which he inappropriately questions defense counsels' intelligence and fitness to practice law. *See* doc. 49-3 at PageID 453. Initially, the Court notes that comments contained in counsel's letter fail to meet the Court's expectations of civility as specifically

2

expressed in the *Introductory Statement on Civility* set forth at the beginning of the Court's Local Rules. The Court **ORDERS** Plaintiff's counsel to read the *Introductory Statement on Civility* and **CERTIFY**, in writing and within seven (7) days from the entry of this Order, that he has done so by filing a certification with the Court.

With regard to the good faith requirement set forth in Rule 37 and echoed in Local Rule 37.1, the undersigned notes that a single correspondence to opposing counsel fails to "fulfill Rule 37's good faith requirement." *Buck v. Ford Motor Co.*, No. 3:08CV998, 2012 WL 601922, at *3 (N.D. Ohio Feb. 23, 2012); *see also Kline v. Mortgage Elec. Sec. Sys.*, No. 3:08CV408, 2015 WL 6157915, at *6 (S.D. Ohio Oct. 20, 2015) (holding that "[t]he meet and confer requirement is not merely a formalistic prerequisite to the resolution of discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once"); *Neff v. Flagstar Bank, FSB*, No. 2:11-CV-1136, 2013 WL 5874767, at *6-7 (S.D. Ohio Oct. 30, 2013) (finding the good faith requirement unmet where "Plaintiff sent only one letter to defense counsel addressing the substance of this discovery dispute prior to seeking Court intervention"). Accordingly, Plaintiff's counsel's failure to comply with the good faith requirement under Rule 37 and S.D. Ohio Local Rule 37.1 provides a basis upon which the Court can deny Plaintiff's motion in its entirety -- without prejudice, and as prematurely filed.

Soon after filing of the motion to compel, the undersigned set this case for a discovery conference to discuss the motion. The Court held that conference by telephone on July 19, 2016, at which time the Court -- based upon the arguments of counsel -- found full briefing of the issues appropriate. Thus, the Court is inclined to reach the merits of this dispute and address the discovery issues as follows:

    (1)    Regarding the issue of whether or not Judge Rice's previous Order bifurcated class discovery from discovery concerning liability, *see* doc.

3

        25 at PageID 205, the undersigned finds that since the issue of liability is ripe and presently pending before Judge Rice on objections to the undersigned's Report and Recommendation, *see* docs. 50, 51, the undersigned finds it appropriate to **STAY** class discovery (namely, with regard to class damages) until resolution of the pending objection to the Report and Recommendation;

(2)    Insofar as Defendants claim privilege with regard to any documents responsive to Plaintiff's discovery requests, Defendants are **ORDERED** to produce to Plaintiff a privilege log within **21 days** from the entry of this Order identifying such documents with relative specificity;

(3)    Insofar as Defendants are withholding any documents responsive to Plaintiff's discovery requests on the basis of relevance, Defendants are **ORDERED** to produce a log within **21 days** to Plaintiff identifying the documents -- or types of documents -- withheld with relative specificity; and

(4)    These two logs shall identify: (a) bates numbers; (b) document type; (c) date the document was authored; (d) author/entity name; and (e) subject of the document.

**IT IS SO ORDERED.**

Date:  August 26, 2016                    *s/ Michael J. Newman*
                                                          Michael J. Newman
                                                          United States Magistrate Judge