IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA J. KUCZAK,                          :

    Appellant/Plaintiff,

    v.                                       :        Case No. 3:13-cv-101

THE CITY OF TROTWOOD                                  JUDGE WALTER H. RICE
POLICE DEPARTMENT, *et al.*,

                                 :

    Appellees/Defendants.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #50); SUSTAINING IN PART AND
OVERRULING IN PART APPELLEES/DEFENDANTS' OBJECTIONS
THERETO (DOC. #51); SUSTAINING IN PART AND OVERRULING IN
PART APPELLEES/DEFENDANTS' COMBINED MOTION TO DISMISS
SECOND AMENDED COMPLAINT AND MOTION TO REMAND
ADMINISTRATIVE APPEAL (DOC. #40); DISMISSING DECLARATORY
JUDGMENT/CLASS ACTION CLAIM WITH PREJUDICE; OVERRULING
MOTION TO REMAND; DIRECTING ADDITIONAL BRIEFING

---

Pursuant to Ohio Revised Code Chapter 2506, Appellant/Plaintiff, Patricia J.

Kuczak, appeals the February 13, 2013, decision of a hearing officer for the City

of Trotwood, who found her responsible for a violation of Trotwood City Ordinance

("TCO") § 333.09.  That ordinance governs civil enforcement proceedings for

speeding violations captured by an automated traffic camera, and imposes an

$85.00 civil penalty.

On behalf of herself and others similarly situated, Kuczak also seeks declaratory and injunctive relief under 42 U.S.C. § 1983. That statute provides an avenue of relief for individuals whose constitutional rights have been violated by a person acting under color of state law. Kuczak alleges that the civil enforcement proceedings set forth in TCO § 333.09, and in TCO § 333.11, a substantially similar ordinance governing *red light* violations captured by an automated traffic camera, violate procedural due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution. Named defendants include the City of Trotwood Police Department, the City of Trotwood, and Quincy Pope, in his official capacity as Chief of Police.

Although Kuczak initially filed these claims in the Montgomery County Court of Common Pleas, Appellees/Defendants removed the case to federal court on the basis of federal question jurisdiction. Appellees/Defendants then filed a Combined Motion to Dismiss Second Amended Complaint and Motion to Remand Administrative Appeal. Doc. #40. On July 8, 2016, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #50, recommending that the Court deny that combined motion in its entirety. This matter is currently before the Court on Appellees/Defendants' Objections to that Report and Recommendations, Doc. #51.

## I.    Background and Procedural History

On November 6, 2012, at 5:50 a.m., an automated traffic camera in Trotwood, Ohio, clocked a car owned by Patricia Kuczak traveling 51 mph in a posted 35-mph zone. Thereafter, Kuczak received a Notice of Liability in the mail, alleging a violation of TCO § 333.09. Doc. #20-3, PageID#151. That ordinance "imposes monetary liability on the owner of a vehicle operating a vehicle in excess of the limits set forth in Section 333.03." TCO § 333.09(a)(1). Kuczak was given the option of paying the $85.00 civil penalty, or requesting an administrative hearing. Doc. #20-3, PageID#150. Kuczak requested a hearing. At the hearing, which was held on February 13, 2013, she was represented by her husband, an attorney. At the conclusion of the hearing, the hearing officer found that Kuczak was, in fact, responsible for the alleged violation. Doc. #20-14, PageID#171.

On March 5, 2013, Kuczak filed the instant action, which was removed to federal court on April 4, 2013. In Count I of her Second Amended Complaint, she appeals the hearing officer's decision, alleging that it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, and/or is unsupported by a preponderance of substantial, reliable and probative evidence." Doc. #37, PageID#299.

In Count II, on behalf of herself and others similarly situated, Kuczak seeks a declaratory judgment that the civil enforcement proceedings set forth in TCO §§ 333.09 and § 313.11 violate the procedural due process rights of individuals subject to the civil penalties, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio

3

Constitution. She also seeks damages, and an order permanently enjoining the City of Trotwood from enforcing these ordinances.

More specifically, Kuczak alleges:

A.  Said ordinance, as enacted and as applied fails to provide persons affected with the right to appeal alleged traffic enforcement camera violations at a hearing where the right to subpoena and compel and confront witnesses is guaranteed.

B.  Said ordinance arbitrarily establishes an $85.00 (eighty five dollar) so-called "civil penalty," the amount of which parties who receive Notice(s) of Violation have no right to appeal, and which hearing officer[s] have no discretion to alter.

C.  Said ordinance as applied establishes a procedure where appeals of Notices of Violation(s) are heard in non-public hearings at which only the appellants and their counsel are allowed to attend.

D.  That portion of said ordinance which declares,

> A certified copy of the notice of liability alleging that a violation of this ordinance has occurred, sworn to or affirmed by a duly authorized Police Officer of the City of Trotwood, with the recorded images produced by a traffic control photographic system shall be prima facie evidence of the facts contained therein and shall be admissible in a proceeding alleging a violation under this section

[] deprives affected persons in administrative proceedings of having matters adjudicated on the basis of a preponderance of substantial, reliable, and probative evidence and by *per se* depriving affected persons [of] the right to confront witnesses at hearings.

E.  Said ordinance as applied deprives persons affected from asserting their rights to appeal under ORC § 2505.04 as agents and employees of the City of Trotwood and Quincy Pope interfere with those rights by promulgating and enforcing a policy of refusing to accept or acknowledge receipt of notices of appeal of administrative decisions and mis-advising persons

4

          that notices of appeal must be filed contrary to the provisions
          of ORC § 2505.04.

F.     Said ordinance as applied in conjunction with other ordinances
       and agreements of the City of Trotwood, confers a direct
       financial benefit upon the party or parties who provide the
       means of generating Notices of Violation from traffic
       enforcement cameras which are deemed by said ordinance to
       be prima facie proof of violation(s).

G.    Said ordinances attempt to divest the Montgomery County
       Municipal Court of its jurisdiction to hear persons contesting the
       Notices of Violation issued by the Trotwood Police Department
       in violation of Article IV, Section 1 of the Ohio Constitution.

Doc. #37, PageID##300-01.

Kuczak further alleges that TCO § 333.09 is unconstitutional in that it "arbitrarily establishes a violation without regard to reasonable and proper speed of motor vehicles." *Id.* at PageID#301. She maintains that this is contrary to TCO § 333.03 and Ohio Revised Code § 4511.21, which both provide that "[n]o person shall operate a motor vehicle . . . at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions . . . "

Because the issue of the constitutionality of a similar automated traffic camera ordinance was then on appeal to the Supreme Court of Ohio in *Walker v. City of Toledo*, this Court stayed Kuczak's case pending that decision. Doc. #30. In *Walker*, the Supreme Court of Ohio held that: (1) municipal courts do not have exclusive jurisdiction over traffic ordinance violations; and (2) municipalities have authority to establish administrative proceedings for civil enforcement of red light and speeding violations captured by automated camera systems. *Walker v. City of*

5

*Toledo*, 143 Ohio St. 3d 420, 2014-Ohio-5461, 39 N.E.3d 474.  *See also Jodka v. City of Cleveland*, 143 Ohio St. 3d 50, 2015-Ohio-860, 34 N.E.3d 99 (reversing court of appeals' decision on the authority of *Walker*).

After *Walker* was decided, this Court lifted the stay.  Appellees/Defendants filed a Combined Motion to Dismiss Second Amended Complaint and Motion to Remand for Administrative Appeal, Doc. #40, arguing that Kuczak's declaratory judgment/class action claim is no longer plausible in light of the *Walker* decision, and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).  They also ask the Court to remand Kuczak's administrative appeal to state court for further proceedings.


## II.    Report and Recommendations  (Doc. #50)

After the Combined Motion to Dismiss Second Amended Complaint and Motion to Remand for Administrative Appeal was fully briefed, Magistrate Judge Newman issued a Report and Recommendations, Doc. #50, recommending that the Court deny the motion in its entirety.  He correctly noted that, because Appellees/Defendants had already filed an Answer, the motion was more appropriately captioned a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Nevertheless, the standard of review is the same under both Rule 12(b)(6) and 12(c).  *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  The relevant question is whether the Complaint contains "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)).

Magistrate Judge Newman found that *Walker* was not dispositive, because it
did not directly address Kuczak's procedural due process claims. Citing *Balaban v.
City of Cleveland,* No. 1:07-cv-1366, 2010 WL 481283 (N.D. Ohio Feb. 5, 2010),
he acknowledged that some courts have rejected similar due process challenges
involving civil administrative enforcement proceedings for automated traffic camera
violations. However, he gave little weight to *Balaban*, because Appellees/
Defendants had failed to fully develop any argument that the Trotwood ordinances
at issue constituted a civil penalty, as opposed to a criminal sanction. He also
noted that *Balaban* did not address all of the procedural due process violations
alleged by Kuczak.

Magistrate Judge Newman focused on Kuczak's argument that TCO
§ 333.09 establishes a violation for exceeding the posted speed limit without
regard to whether the speed was reasonable and proper. Under TCO § 333.09
(c)(1), the owner of the vehicle is liable "if such vehicle is operated in excess of
posted speed limit in violation of Section 333.03 of the Trotwood Codes of
Ordinances." Nevertheless, under TCO § 333.03(c), it was only "prima facie
unlawful" for Kuczak to exceed the posted 35 mph speed limit on the road in
question. The ultimate question is whether she operated "a motor vehicle at a

speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions . . . "  TCO § 333.03(a).

> The Supreme Court of Ohio has explained:

> Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable.

*City of Cleveland v. Keah*, 157 Ohio St. 331, 105 N.E.2d 402 (1952), syl. ¶1.

*See also Village of Bellville v. Kieffaber*, 114 Ohio St. 3d 124, 2007-Ohio-3763, 870 N.E.2d 697, syl. ("The driver may rebut or negate the prima facie case with evidence that the speed was neither excessive nor unreasonable.").

Magistrate Judge Newman concluded that the civil enforcement proceedings set forth in TCO § 333.09 appear to deprive those accused of speeding violations with the opportunity to present this defense otherwise available under the law.  It appears that drivers are precluded from arguing -- and hearing officers are precluded from considering -- that, despite having exceeded the posted speed limit, the driver was traveling at a reasonable and proper speed, given all the relevant circumstances.  Because Magistrate Judge Newman concluded that Kuczak had presented at least one plausible procedural due process claim, he recommended

that the Court deny the Motion to Dismiss and to Remand the Administrative Appeal in its entirety.

III.   Appellees/Defendants' Objections to Report and Recommendations (Doc. #51)

Appellees/Defendants filed timely Objections to the Report and Recommendations.  Doc. #51.  They maintain that Magistrate Judge Newman erred in: (1) finding that the Ohio Supreme Court's decision in *Walker* is not dispositive; (2) questioning whether the $85.00 penalty is civil or criminal in nature; and (3) finding that Kuczak appears to have been deprived of a full and fair opportunity to be heard on the question of whether her speed was reasonable and proper, despite being 16 mph over the posted speed limit.  Kuczak has filed a Memorandum in Opposition to the Objections, Doc. #54, and Appellees/ Defendants have filed a Notice of Supplemental Authority, Doc. #57.

Because the Report and Recommendations concern a dispositive matter, the Court must make a *de novo* review of any parts of that judicial filing that have been properly objected to, and may accept, reject, or modify the recommended disposition.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  For the reasons set forth below, Appellees/Defendants' Objections are sustained in part and overruled in part.

## IV.    Discussion

As noted above, Kuczak has filed an administrative appeal of the hearing

officer's decision (Count I), and a Declaratory Judgment/Class Action  (Count II).

The Court turns first to Count II.

### A.    Declaratory Judgment/Class Action (Count II)

Kuczak, on behalf of herself and all others similarly situated, challenges the

constitutionality of TCO § 333.09, Trotwood's ordinance governing civil

enforcement procedures for speeding violations captured by an automated camera.

She also challenges TCO § 313.11, a substantially similar ordinance governing civil

enforcement procedures for red light violations captured by an automated camera.

Her Second Amended Complaint alleges that these ordinances are unconstitutional,

both on their face and as applied,[1] because they deprive persons accused of

violating them of their due process rights as guaranteed by the Fifth and

---

[1]    "A facial challenge to a law's constitutionality is an effort 'to invalidate the law in each of its applications, to take the law off the books completely.'" *Speet v. Schuette,* 726 F.3d 867, 871-72 (6th Cir. 2013) (quoting *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009) (*en banc*)).  In contrast, an as-applied challenge "argues that a law is unconstitutional as enforced against the plaintiffs before the court."  *Id.* at 872.  To decrease the chance that a facial attack will be addressed unnecessarily, courts typically address an as-applied challenge first.  *Connection Distrib. Co.*, 557 F.3d at 327-28.  "[R]arely, if ever" will a facial challenge survive if the court has "upheld the constitutionality of a law in the context of the as-applied challenge."  *Id.* at 335.

Fourteenth Amendments to the United States Constitution and by Article I, Section 16 of the Ohio Constitution.[2]

### 1.    Standing to Challenge TCO § 313.11

As a threshold issue, the Court must address the question of whether Kuczak has standing to challenge the constitutionality of TCO § 313.11, governing red light violations captured by an automated camera.  As previously noted, this ordinance is nearly identical to TCO § 333.09, governing speeding violations captured by an automated camera.  Nevertheless, Kuczak was not cited for violating TCO §313.11.

The Sixth Circuit has noted that:

> no plaintiff can litigate a case in federal court without establishing *constitutional* standing, which requires a showing that the plaintiff has suffered (1) an injury that is (2) "fairly traceable to the defendant's allegedly unlawful conduct" and that is (3) "likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (emphasis in original).  The constitutional standing requirement "states a limitation on judicial power." *Id.*  If this requirement is not met, the court lacks subject matter jurisdiction over the claim.

---

[2]   The Ohio Supreme Court has held that Article I, Section 16 of the Ohio Constitution is the equivalent of the due process provision in the United States Constitution. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶48.  Accordingly, there is no need for a separate analysis of these claims.

Appellees/Defendants argue that, because Kuczak was not cited for violating TCO § 313.11, she lacks standing to challenge the constitutionality of that ordinance on an "as applied" basis. Doc. #40, PageID#314 n.1. *See McCullen v. Coakley*, --U.S.--, 134 S. Ct. 2518, 2534 n.4 (2014) (noting that a plaintiff cannot prevail on an as-applied challenge without showing that the law has actually been, or is likely to be, applied to her). The Court agrees.

Although TCO § 313.11 and TCO § 333.09 contain nearly identical provisions, the fact that Kuczak has standing to challenge one does not automatically confer standing to challenge the other. *See Prime Media*, 485 F.3d at 350 ("Prime Media's standing with regard to the size and height requirements does not magically carry over to allow it to litigate other independent provisions of the ordinance without a separate showing of an actual injury under those provisions."); *Davis v. F.E.C.*, 554 U.S. 724, 734 (2008) ("[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (internal quotations omitted).

Given that Kuczak was not cited for violating TCO § 313.11, she lacks constitutional standing to mount any challenge to that ordinance. She has not suffered an injury-in-fact that is fairly traceable to Appellees/Defendants' allegedly unlawful conduct. Moreover, prudential standing requirements generally prevent a plaintiff from resting her claim "on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Because Kuczak lacks standing to challenge the constitutionality of TCO § 313.11, that portion of her claim must be dismissed for lack of subject matter jurisdiction.  The Court therefore confines its inquiry to Kuczak's constitutional challenges to TCO § 333.09.

### 2.   Law Governing Procedural Due Process Claims

Kuczak alleges that TCO § 330.09 is unconstitutional, facially and as applied, because it violates procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, depriving her and others similarly situated of their property without due process of law.

The Supreme Court has established a two-step analysis for procedural due process claims:  (1) is there a liberty or property interest which has been interfered with by the State?; and (2) are the attendant procedures constitutionally sufficient? *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  It appears to be undisputed that Kuczak has a protected property interest in the $85.00 imposed by the City of Trotwood as a civil penalty for a violation of the ordinance. The relevant question, therefore, is whether the civil enforcement procedures adopted by the City are constitutionally sufficient.

In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court noted that, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Nevertheless, due process is a flexible concept, and the extent of procedural protections owed will vary depending on the

13

nature of the affected interests.  *Id.* at 334.  Three factors must be considered in determining the extent of process due before an individual is deprived of a protected property interest:  (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Id.* at 335.

As one court has explained, "[t]he less that is at stake, other things being equal, the less process is due."  *Van Harken v. City of Chicago*, 103 F.3d 1346, 1353 (7th Cir. 1997).  Accordingly, criminal defendants are entitled to a great deal more protection than defendants in a civil suit.  In determining what protections are needed, the court must compare "the costs and benefits of whatever procedure the plaintiff contends is required."  *Id.* at 1351.

As a general rule, because less is at stake, civil administrative proceedings require fewer procedural due process protections than civil judicial proceedings. Discovery is typically not available, and formal rules of evidence and rules of civil procedure do not apply.  *See Gardner v. City of Columbus*, 841 F.2d 1272, 1280 (6th Cir. 1988) (rejecting the argument that "anything less than a judicial hearing on the parking violation is violative of due process"); *Simon v. Lake Geauga Printing Co.*, 69 Ohio St. 2d 41, 44, 430 N.E.2d 468 (1982).

14

With these legal principles in mind, the Court turns to the question of whether Kuczak has stated a claim upon which relief can be granted.

### 3.    TCO § 330.09 Imposes a Civil Penalty

As discussed in greater detail below, several courts have already confronted the question of the adequacy of procedural due process protections in civil enforcement proceedings for automated traffic camera violations.  One such case is *Balaban v. City of Cleveland*, No. 1:07-cv-1366, 2010 WL 481283 (N.D. Ohio Feb. 5, 2010), in which the court concluded that Cleveland's ordinance imposed a civil penalty rather than a quasi-criminal sanction.  It then analyzed the *Mathews* factors and rejected the plaintiff's due process claims.  *Id.* at *6.

Magistrate Judge Newman refused to give *Balaban* much weight, because Appellees/Defendants had not fully analyzed the question of whether the $85 penalty imposed by TCO § 333.09 was civil or criminal in nature.  To the extent that this alleged shortcoming influenced the recommended disposition, Appellees/ Defendants object to this finding.

The Court SUSTAINS this Objection to the Report and Recommendations.  Given the express language of the ordinance, it is not surprising that Appellees/Defendants spent little time briefing this issue.  TCO § 333.09 is entitled "Civil Penalties for Automated Red Light System Violations."[3]  It also refers to a "civil enforcement system," TCO § 333.09(a)(1), and states that violations are

---

[3]    Because the ordinance actually governs *speeding* violations, not *red light* violations, this appears to be a typographical error.

"noncriminal" for which "no points" shall be assessed, TCO § 333.09(d)(1). The administrative hearing officer "shall determine whether a *preponderance of evidence* establishes that a violation of this section occurred and the person requesting the review is liable." TCO § 330.09(d)(5)(A) (emphasis added). Notably, Kuczak does not appear to dispute that the $85 penalty imposed for a violation of TCO § 330.09 is civil in nature.

### 4. *Walker v. Toledo* is Not Dispositive

In *Walker v. City of Toledo*, 143 Ohio St. 3d 420, 2014-Ohio-5461, 39 N.E.3d 474, the Supreme Court of Ohio held that municipalities have authority to establish administrative proceedings for civil enforcement of red light and speeding violations captured by automated traffic camera systems. There is no doubt that *Walker* fully resolves Kuczak's claim that the ordinances at issue improperly divest municipal courts of their jurisdiction to adjudicate traffic ordinance violations. The Supreme Court of Ohio expressly rejected that argument in *Walker*. *Id.* at ¶25.

The parties disagree, however, about whether *Walker* also requires dismissal of Kuczak's procedural due process claims. In *Walker*, the court acknowledged that "administrative procedures must be established in furtherance" of the municipality's home-rule power. *Id.* at ¶28. According to Appellees/Defendants, the court's explicit endorsement of the use of civil administrative proceedings to enforce traffic ordinances constitutes an implicit acceptance of the sufficiency of due process protections available in such proceedings. Kuczak disagrees.

Magistrate Judge Newman found that, although *Walker* upheld the right of municipalities to establish administrative proceedings for civil enforcement of red light and speeding violations captured by automated camera systems, it provided little specific guidance concerning the nature of due process protections required in those proceedings. He therefore concluded that *Walker* was not dispositive.

Appellees/Defendants object to this finding, again arguing that the court would not have upheld the right of municipalities to establish such civil enforcement proceedings unless said proceedings satisfied procedural due process requirements. They further argue that requiring application of formal rules of civil procedure and rules of evidence to civil administrative enforcement proceedings would "effectively gut the practical application of *Walker.*" Doc. #51, PageID#489.

Although the *Walker* court did not speak at length about what kinds of procedural due process protections are required in civil enforcement proceedings for traffic camera violations, it did touch on the subject, referring to earlier decisions in *Mendenhall v. City of Akron*, 117 Ohio St. 3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶¶6-8, and *State ex rel. Scott v. City of Cleveland*, 112 Ohio St. 3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶24, as examples of administrative enforcement proceedings that had been "sanctioned by this court in other cases." *Walker* at ¶28. Notably, the automated traffic camera ordinances at issue in *Mendenhall* and *Scott* are substantially similar to TCO § 330.09.

17

In *Mendenhall*, the court held that a municipality has power to enact civil penalties for traffic violations.  *Mendenhall*, at ¶43.  Nevertheless, the court specifically declined to address "due process questions regarding the operation of the Akron ordinance," because those questions were not properly before the court.  *Id.* at ¶40.

*Scott* is slightly more instructive.  There, the Supreme Court of Ohio upheld the appellate court's dismissal of a petition requesting a writ of prohibition permanently enjoining the City of Cleveland from enforcing the same ordinance.  In so holding, the court noted that city ordinances are presumed to be constitutional.  *Scott*, at ¶18.  It also noted that administrative proceedings do not "require compliance with statutes and rules that, by their own terms, are applicable only to courts."  *Id.* at ¶21.  Among the examples cited in *Scott* were Ohio's civil and criminal procedural rules, which prescribe procedures to be followed "in all *courts* of this state."  *Id.* (emphasis in original).

The Court agrees with Appellees/Defendants that *Walker* and *Scott* stand for the proposition that civil procedural rules and formal rules of evidence do not apply to civil enforcement proceedings in automated traffic camera cases.  Nevertheless, as discussed below, the procedural due process violations alleged by Kuczak are considerably broader than that.  Accordingly, the Court OVERRULES Appellees/Defendants' Objections to this portion of the Report and Recommendations.  Magistrate Judge Newman correctly concluded that *Walker* is not completely dispositive.

18

### 5.   Cases Construing Similar Ordinances

Although *Walker* is not dispositive, several other courts have considered the extent of procedural due process protections owed in similar civil enforcement proceedings for automated traffic camera violations.  Kuczak cites to two such cases in support of her claims.

In *Pruiett v. Village of Elmwood*, Hamilton C.P. No. A1209235 (Nov. 25, 2014), the court struck down a village ordinance implementing an automatic speed enforcement system.  It held that the hearing process was "nothing more than a sham!" and violated the due process rights of the accused, because: (1) the witness who testifies about the Notice of Liability has no personal knowledge of the speeding violation; (2) the accused has no ability to cross-examine that witness, who was not present when the violation occurred; (3) there is no opportunity for the accused to obtain discovery about the equipment, or to subpoena any witnesses who know about the device, which is calibrated only once each year; and (4) the company that owns the equipment, and does the calibration, is entitled to 40% of the fines collected.  Doc. #42-1, PageID##346-47.

This Court gives *Pruiett* very little weight.  Not only is it an unpublished common pleas court decision that was issued prior to the Ohio Supreme Court's decision in *Walker*, but, more importantly, it contains no citations to the applicable law, and no discussion of the factors set forth in *Mathews*.  It also fails to

19

acknowledge the many cases that have held that formal rules of evidence and rules of civil procedure are inapplicable to civil enforcement proceedings.

Kuczak also relies on *Barrow v. Village of New Miami*, Butler C.P. No. CV2013-07-2047, 2014 Ohio Misc. LEXIS 140 (Mar. 11, 2014), in which the court struck down a similar ordinance on due process grounds. In so holding, the court noted that: (1) no person with personal knowledge of the speeding violation reviews the citation or appears at the hearing; (2) the accused cannot confront the accuser; (3) the burden is on the owner of the vehicle to prove he or she was not the driver; (4) there is no right to discovery or to subpoena witnesses; (5) the hearing officer is not required to have legal training; and (6) there is no requirement that a record be made. *Id.* at \*16. The court chastised the village for bypassing the usual process, whereby contested traffic tickets would be adjudicated in municipal court, and instead "establish[ing] a civil proceeding which ignores all basic concepts built into Ohio's rules of practice and procedure." *Id.* at \*15.

Although the *Barrow* court cited *Mathews* as the applicable law, it made no effort to analyze the relevant factors, and discussed no other cases involving similar ordinances. Given that *Walker* subsequently upheld the right of a municipality to establish civil enforcement proceedings for automated traffic camera violations, the continued viability of the holding in *Barrow* is somewhat questionable.[4]

_____

[4] *Barrow* was initially certified as a class action, but the appellate court reversed and remanded the case on the class certification issue. *Barrow v. Vill. of New*

20

Moreover, *Pruiett* and *Barrow* appear to be outliers. Numerous federal and state courts across the country have rejected similar procedural due process challenges to ordinances governing civil enforcement proceedings in automated traffic camera cases. *See, e.g.*, *DeVita v. District of Columbia*, 74 A.3d 714 (D.C. 2013) (analyzing *Mathews* factors and concluding that the District of Columbia ordinance satisfied procedural due process requirements); *Sevin v. Parish of Jefferson*, 621 F. Supp. 2d 372 (E.D. La. 2009) (finding that the ordinance satisfied due process requirements). *See also Van Harken*, 103 F.3d at 1353 (holding that a similar system for adjudicating parking violations satisfied procedural due process requirements).

In the past few years, Cleveland's ordinance—which is substantially similar to Trotwood's--has survived several constitutional challenges. *See, e.g., State ex rel. Scott v. City of Cleveland*, 112 Ohio St. 3d 324, 2006-Ohio-6573, 859 N.E.2d 923 (affirming judgment dismissing petition for writ of prohibition challenging automated traffic camera ordinance); *Davis v. City of Cleveland*, 8th Dist. No. 99187, 2013-Ohio-2914, 2013 WL 3423132 (July 3, 2013) (affirming hearing officer's ruling that the ordinance was not unconstitutional as applied).

---

*Miami*, 12th Dist. No. CA2014-04-092, 2014-Ohio-5743. On remand, the trial court again certified the class, and defendant again appealed. This time, the appellate court affirmed the decision, but noted that, although *Walker* had been decided during the pendency of the appeal, "any proclamation we make on the effect of *Walker* at this stage would be advisory." It therefore declined to address the question of whether the ordinance satisfied procedural due process requirements. *Barrow v. Vill. of New Miami*, 12th Dist. No. CA2015-03-043, 2016-Ohio-340, ¶¶46-49.

A federal district court has also twice rejected a procedural due process challenge to the same Cleveland ordinance. In *Gardner v. City of Cleveland*, 656 F. Supp. 2d 751 (N.D. Ohio 2009), the court concluded that "the process available to Plaintiff under the City's ordinance and state law is sufficient for the purposes of the Due Process Clause." *Id.* at 760. Plaintiff received "notice, a hearing and an opportunity to present evidence." *Id.* at 759. Moreover, he could have appealed the hearing officer's decision to the common pleas court under Ohio Revised Code Chapter 2506, a process found by the Ohio Supreme Court to be "complete, beneficial and speedy." *Id.* at 759-60 (citing *State ex rel. Village of Chagrin Falls v. Geauga Cty. Bd. of Comm'rs*, 96 Ohio St. 3d 400, 403, 775 N.E.2d 512 (2002)).

The following year, in *Balaban*, the court rejected the plaintiff's claims that the Cleveland ordinance violated her procedural and substantive due process rights. Plaintiff argued that, because the $100 penalty was quasi-criminal in nature, she should be afforded the same due process protections as criminal defendants. As previously noted, the court rejected this argument, and found that, because the penalty was civil in nature, formal rules of evidence did not apply. 2010 WL 481283, at *6.

The court then thoroughly analyzed the three *Mathews* factors to determine what process was due. *Id.* at *7. The only protected private interest at stake was the plaintiff's interest in retaining the $100 owed. The court found that the risk of erroneous deprivation was slight, "given the calibration and testing of the cameras,

22

the repeated review of the facts before a citation is issued, the right to a hearing and appeal, and the opportunity for the owner to identify the offending driver, if it is not the owner." *Id.* The court rejected the suggestion that the City be required to present additional evidence concerning the accuracy of the cameras. It found that the safeguards that were in place were adequate, and additional evidence would have "relatively minimal value." *Id.* Finally, the court noted that the City had a "strong interest in traffic safety," and a formal evidentiary hearing with expert witness testimony would impose "substantial fiscal and administrative burdens." *Id.* The court concluded that "the City's substantial interests in public safety and administrative efficiency and the already-existing safeguards outweigh the low risk that Balaban will be erroneously deprived of $100 per citation. The Court therefore holds that the Ordinance does not violate the due process guarantees of either the U.S. or Ohio Constitution." *Id.*

In *City of Cleveland v. Posner*, 193 Ohio App. 3d 211, 2011-Ohio-1370, 951 N.E.2d 476 (8th Dist.), the court rejected the defendant's arguments that the notice of liability was inadmissible because it was "unsubstantiated or authenticated by any testimony" and was based on hearsay. *Id.* at ¶26. It noted that formal rules of evidence do not apply to administrative hearings. *Id.* at ¶27. The court also rejected defendant's argument concerning the lack of evidence of the reliability of the automated camera equipment. *Id.* at ¶29.

In addition, as Appellees/Defendants point out, the Montgomery County Court of Common Pleas recently upheld the constitutionality of TCO § 330.09 in

*Howard v. City of Trotwood*, Montgomery C.P. No. 2014 CV 03294 (August 8, 2016), concluding that the City's procedures "comport[] with procedural due process requirements."[5]  Doc. #57-1, PageID#576.  The court, in this consolidated case, also upheld the constitutionality of similar ordinances of the City of Dayton and the City of West Carrollton.  *Id.*

### 6.    "Reasonable and Proper" Defense

Kuczak has raised at least one novel claim, not addressed in the cases cited above.  Magistrate Judge Newman found that Kuczak had stated a plausible claim that she was deprived of a full and fair opportunity to assert a defense that would otherwise be available under the law—more specifically that, despite the fact that she exceeded the posted speed limit, her speed was nevertheless reasonable and proper under the circumstances.  Appellees/Defendants object to this finding.

The maximum speed limits are set forth in TCO § 333.03.  Although it is *per se* unlawful to exceed the speed limits set forth in TCO § 333.03(d), it is only *prima facie* unlawful to exceed the speed limits set forth in TCO § 333.03(b)(1) through (b)(6), including the 35 mph limit on "all State routes or through highways within the Municipality outside business districts."  TCO § 333.03(b)(3).  *See* TCO § 333.03(c).

---

[5]    Kuczak argues that *Howard* is inapplicable because she "has not made a facial challenge to the constitutional validity of the Trotwood ordinances."  Doc. #59, PageID#585.  Her Second Amended Complaint, however, clearly includes facial constitutional challenges.  *See, e.g.,* Doc. #37, PageID#300 ("Said ordinance, *as enacted* and as applied fails to provide persons affected with the right to appeal . . ." (emphasis added).

Accordingly, evidence that Kuczak was operating her vehicle at 51 mph in a 35 mph speed zone established only a *prima facie* violation. Standing alone, it does not establish the commission of an offense. Rather, it raises a "rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable." *Keah*, 157 Ohio St. 331, 105 N.E.2d 402, syl. ¶1. *See also Vill. of Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, syl. ("The driver may rebut or negate the prima facie case with evidence that the speed was neither excessive nor unreasonable.").

However, as Magistrate Judge Newman pointed out, TCO § 330.09(c)(1) provides that "[t]he owner of a vehicle shall be liable for a penalty imposed pursuant to this Section if such vehicle is operated in excess of [the] posted speed limit in violation of Section 333.03 of the Trotwood Codes of Ordinances." He interpreted this ordinance to provide no opportunity for the accused to argue that, despite exceeding the posted speed limit, the speed was nevertheless "reasonable and proper" under the circumstances. He likewise found that the hearing officers appear to be precluded from considering any such argument. Concluding that Kuczak had presented at least one plausible procedural due process claim, Magistrate Judge Newman recommended that the Court deny the motion to dismiss.

Appellees/Defendants argue that this finding is clearly erroneous. The Court agrees. The ordinance at issue provides three affirmative defenses:

25

> [T]he Hearing Officer may consider any of the following as an affirmative defense of a violation:
>
> A. That the motor vehicle or registration plates of the motor vehicle were stolen before the violation occurred and were not under the control or possession of the owner at the time of the violation. . .
>
> B. That this section is unenforceable because at the time and place of the alleged violation, the posted speed limit signs were removed or damaged or the traffic control signal monitoring system was not in proper position and the recorded image is not legible enough to determine the information needed.
>
> C. Evidence . . . that the owner or person named in the notice of liability was not operating the vehicle at the time of the violation.

TCO § 333.09(d)(6).

Magistrate Judge Newman was apparently swayed by Kuczak's argument that, because traveling a "reasonable and proper" speed is not included among the three enumerated affirmative defenses, the hearing officer has no discretion to consider the question of whether the recorded speed was reasonable and proper despite the fact that the driver exceeded the posted speed limit.

By their very nature, however, affirmative defenses come into play only *after* a finding that a violation has occurred. The question of whether the driver was traveling at a "reasonable and proper" speed, giving due regard to the traffic and road conditions, must be considered in connection with the question of whether a violation has occurred *at all*. Therefore, the fact that it is not included in the list of "affirmative defenses" does not mean that the hearing officer has no authority to consider such an argument.

Here, the transcript of Kuczak's administrative hearing shows that her attorney did, in fact, raise the argument that exceeding the posted speed limit established only a prima facie violation, and that traveling 51 mph in a 35 mph zone at 5:51 a.m., when there "ain't another car anywhere out there" was reasonable and proper.  Doc. #20-12, PageID#167.  Notably, the hearing officer did not say that he was not permitted to consider that argument.  In fact, he responded, "okay.  Is there *anything else* you would like me to consider, sir?"  *Id.* (emphasis added).  When her attorney responded "no," the hearing officer said, "okay, then based on *that*, what I am going to do is make a finding of responsible."  *Id.* (emphasis added).

Although the basis for the hearing officer's conclusion is not entirely clear from the record, it can certainly be inferred from the above-cited dialogue that he considered her "reasonable and proper" argument, but rejected it.  As explained in *State v. Bank*, 5th Dist. No. 2004CA00086, 2005-Ohio-3562 (July 12, 2005), simply because a party offers evidence to rebut the presumption, this "does not automatically compel the conclusion the speed was reasonable for the conditions."  The factfinder "may determine that the prima facie evidence alone is sufficient to establish a fact."  *Id.* at ¶26 (internal quotation omitted).

The Court also notes that, at the beginning of the hearing, when the hearing officer was reviewing the video of the alleged violation, he commented that, "[u]sually what I'm looking for in those circumstances is other traffic."  Doc. #20-12, PageID#162.  Implicit in this statement is the fact that he planned to consider

27

not only whether Kuczak was exceeding the posted speed limit, but also whether her speed was nevertheless reasonable and proper, considering the traffic and the road conditions.

Based on the hearing transcript, the Court concludes that Kuczak was not deprived of a full and fair opportunity to present a defense that would otherwise be available. Because she cannot show that TCO § 333.09 is unconstitutional as applied, the Court need not reach the question of whether the ordinance is facially unconstitutional in this respect. *See Mathews v. Ohio Pub. Emp. Ret. Sys.*, 91 F. Supp. 3d 989, 1005-06 (S.D. Ohio 2015) (noting that if a party fails to show that a statute is unconstitutional as applied, he necessarily fails to state a facial challenge, which requires him to establish that the statute is unconstitutional in all of its applications).

If the Court were to decide the facial challenge, however, it would have to uphold the constitutionality of the ordinance at issue. The language of TCO § 330.09(c)(1) is somewhat ambiguous. It could be read, as Kuczak argues, to impose liability whenever the driver exceeds the posted speed limit, regardless of whether the speed was nevertheless reasonable and proper, thereby depriving the driver of the opportunity to rebut the rebuttable presumption. This would render the presumption irrebuttable, and could very well implicate due process concerns.[6]

---

[6] Such a reading could also violate the Home Rule Amendment, Article XVIII, Section 3 of the Ohio Constitution, if the ordinance were found to conflict with the state statute.

Nevertheless, because TCO § 330.09 is an exercise of the City's police powers, it is entitled to a presumption of constitutionality. *Fair Hous. Advocates Ass'n v. City of Richmond Heights*, 209 F.3d 626, 635 (6th Cir. 2000).  If the language is subject to a reasonable interpretation free of constitutional impairment, the Court must uphold it.  Here, TCO § 330.09(c)(1) may also be read to impose liability only if the driver is first found to have violated § 333.03 as a whole.  That ordinance sets maximum speed limits, but also includes the "rebuttable presumption" provision, *i.e.,* "[n]o person shall operate a motor vehicle at a speed greater or less than is reasonable or proper. . . "  TCO § 333.03(a).  Interpreted in this manner, a civil penalty could be imposed only if the driver had: (1) exceeded the posted speed limit; *and* (2) failed to rebut the presumption by showing that the speed was nevertheless reasonable and proper under the circumstances.  This reading would eliminate any due process concerns.

For the reasons set forth above, the Court SUSTAINS Appellees/Defendants' Objections, and REJECTS the Report and Recommendations with respect to this particular alleged procedural due process violation.  Given that the recommendation to deny the motion to dismiss was based solely on this alleged violation, the Court must review Kuczak's other alleged due process violations to determine whether she has stated a plausible claim for relief.

### 7.    Viability of Other Alleged Due Process Violations

Kuczak's Second Amended Complaint alleges six additional due process violations.  The Court will discuss each in turn.

a. Right to Subpoena, Compel and Confront Witnesses

Kuczak alleges that TCO § 330.09, "as enacted and as applied fails to provide persons affected with the right to appeal alleged traffic enforcement camera violations at a hearing where the right to subpoena and compel and confront witnesses is guaranteed." Doc. #37, PageID#300.

At the administrative hearing, Kuczak's attorney generally raised the issue of his inability to examine and cross-examine witnesses concerning the reliability of the automated camera equipment. Doc. #20-12, PageID#164. Nevertheless, he did not seek to compel the testimony of anyone in particular, and was not denied the right to confront any particular witness. As such, Kuczak cannot succeed on an as-applied challenge.

Her facial challenge also fails as a matter of law. Courts have repeatedly held that there is no constitutional right to confront witnesses in civil proceedings. The Confrontation Clause of the Sixth Amendment applies only to criminal prosecutions. *Hannah v. Larche*, 363 U.S. 420, 440 n.16 (1960). In order to determine whether due process mandates the ability to confront witnesses in a *civil* proceeding, a court must balance the three *Mathews* factors.

Kuczak cites to *Goldberg v. Kelly*, 397 U.S. 254 (1970), in support of her argument that due process requires an opportunity to confront and cross-examine adverse witnesses. There, the Court held that, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Id.* at 269. *Goldberg*,

30

however, addressed the question of whether a welfare recipient's statutory entitlement to benefits could be terminated without an evidentiary hearing. The private interests at stake here--a one-time civil penalty of $85.00—pale significantly in comparison to those at issue in *Goldberg*.

Moreover, the risk of erroneous deprivation of the $85.00 is low, and the probable value of allowing the accused to subpoena witnesses concerning the reliability of the equipment is slight, particularly given the fact that the City checks the accuracy of the equipment every 90 days, and has a policy of issuing Notices of Liability only when the driver has exceeded the posted speed limit by at least 15 mph. Finally, the fiscal and administrative burdens of requiring police officers, or others who could testify about the accuracy of the equipment used, to attend each administrative hearing would eliminate any efficiencies that the civil enforcement proceedings were designed to achieve.

Accordingly, the Court concludes that the cost of allowing the accused to subpoena, compel, and cross-examine witnesses far outweighs any benefit. In the context of administrative enforcement proceedings for automated traffic camera violations, the Fourteenth Amendment does not require the City to provide the accused with the right to subpoena, compel and confront witnesses.[7]

---

[7] Although the accused has no right to subpoena witnesses at the administrative hearing itself, Ohio Revised Code § 2506.03 may, in some instances, provide the defendant with the opportunity to offer additional evidence on appeal. *See City of Cleveland v. Posner*, 193 Ohio App. 3d 211, 2011-Ohio-1370, 951 N.E.2d 476, at ¶41; *City of Cleveland v. Cord*, 8th Dist. No. 96312, 2011-Ohio-4262, at ¶19 ("Appellant's due process rights were not frustrated because R.C. 2506.03 left an

For these reasons, the Court finds that Kuczak's claim is subject to dismissal under Rule 12(b)(6).

### b.    Amount of Civil Penalty

Kuczak next alleges that TCO § 330.09 arbitrarily establishes "an $85.00 (eighty five dollar) so-called 'civil penalty,' the amount of which parties who receive Notice(s) of Violation have no right to appeal, and which hearing officer[s] have no discretion to alter."  Doc. #37, PageID#300.

Citing *United States v. Papercraft Corp.*, 540 F.2d 131 (3d Cir. 1976), *United States v. J.B. Williams Co., Inc.*, 498 F.2d 414 (2d Cir. 1974), and *United States v. Swingline, Inc.*, 371 F. Supp. 37 (E.D.N.Y. 1974), Kuczak argues that the hearing officer should be able to consider whether the accused was acting in bad faith, and whether the accused has the ability to pay the penalty.  These cases, however, are inapposite, given that they all involve hefty civil penalties imposed by the Federal Trade Commission.  She also cites to *State ex rel. Brown v. Dayton Malleable, Inc.*, 1 Ohio St. 3d 151, 438 N.E.2d 120 (1982), but that involves a civil penalty imposed in an environmental case.

Kuczak cites to no authority holding that a small fixed-amount civil penalty for violating a traffic ordinance is unconstitutional, and the Court has been unable to find any.  Accordingly, Kuczak has failed to state a claim upon which relief can be granted.

---

avenue open for him to call witnesses and present additional evidence that he was prevented from utilizing during the [] hearing.").

### c.    Non-Public Hearings

Kuczak also alleges that TCO § 330.09 "as applied establishes a procedure where appeals of Notices of Violation are heard in non-public hearings at which only the appellants and their counsel are allowed to attend."  Doc. #37, PageID#300.  She argues that, because the ordinance does not require a public hearing, the City did not provide one.

Given that Kuczak has not alleged that anyone who wanted to attend the administrative hearing was prohibited from doing so, or that she was in any way injured by the alleged wrongdoing, she lacks standing to assert this claim.  *See Gardner*, 656 F. Supp. 2d at 762 (holding that, because plaintiff "has not identified anyone who was excluded from his hearing or identified how any such claimed exclusion injured him," he lacked standing).  Dismissal is therefore required.

### d.    Prima Facie Evidence

Kuczak next alleges that TCO § 330.09(d)(5)(A), which declares that,

[a] certified copy of the notice of liability alleging that a violation of this ordinance has occurred, sworn to or affirmed by a duly authorized Police Officer of the City of Trotwood, with the recorded images produced by a traffic control photographic system shall be prima facie evidence of the facts contained therein and shall be admissible in a proceeding alleging a violation under this section[,]

"deprives affected persons in administrative proceedings of having matters adjudicated on the basis of a preponderance of substantial, reliable, and probative evidence and by *per se* depriving affected persons [of] the right to confront witnesses at hearings."  Doc. #37, PageID#300.

According to Kuczak, under this statutory scheme, the City is essentially excused from having to prove the alleged violation.  Given that the accused cannot conduct discovery or compel the attendance of witnesses to challenge the accuracy of the automated camera equipment on the date in question, the Notice of Liability and the recorded image are essentially conclusive and cannot be refuted.  Unless the hearing officer determines that an affirmative defense applies, he or she simply rubber-stamps the Notice of Liability.

The Court rejects this argument.  In *Posner*, the court held that, "given the relaxed standards of evidence in administrative hearings," the notice of liability, the recorded images, and the logbook showing records of the calibration of the equipment "is certainly probative and substantial as to whether defendant was speeding." *Posner*, at ¶28.  *See also Cord*, 2011-Ohio-4262, at ¶12.

The Notice of Liability and the recorded images constitute prima facie evidence that the driver was traveling at a certain speed, at a certain time of day, in certain weather and road conditions.  This alone *may* be sufficient to establish liability.  *See Keah*, 157 Ohio St. 3d 331, 105 N.E.2d 402, syl. ¶2 ("A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be accepted by the trier of the facts.").

Nevertheless, as explained above, in addition to reviewing the Notice of Liability and the recorded images, the hearing officer must also consider whether, despite exceeding the posted speed limit, the driver was nevertheless operating the

vehicle at a speed that was reasonable and proper under the circumstances.
Liability is established only if the hearing officer finds, by a preponderance of the
evidence, that a violation has occurred. For this reason, the Court concludes that
Kuczak has failed to state a claim upon which relief can be granted.

### e. Refusal to Accept Notices of Appeal

Kuczak next alleges that TCO § 330.09 "as applied deprives persons
affected from asserting their rights to appeal under ORC § 2505.04 as agents and
employees of the City of Trotwood and Quincy Pope interfere with those rights by
promulgating and enforcing a policy of refusing to accept or acknowledge receipt
of notices of appeal of administrative decisions and mis-advising persons that
notices of appeal must be filed contrary to the provisions of ORC § 2505.04."
Doc. #37, PageID#301.

The Second Amended Complaint, however, contains no factual allegations
to support this claim. Kuczak does not allege that the City of Trotwood or Quincy
Pope refused to accept her notice of appeal, or misadvised her of the requisite
filing requirements. Nor does she allege that any such conduct prevented her from
perfecting her appeal or otherwise caused any injury. Kuczak has, therefore, failed
to state a claim upon which relief can be granted.[8]

---

[8] The Court also notes that Kuczak makes no effort to further develop this
argument in any of her briefs.

### f.    Financial Conflict of Interest

Finally, Kuczak alleges that TCO § 330.09 "as applied in conjunction with other ordinances and agreements of the City of Trotwood, confers a direct financial benefit upon the party or parties who provide the means of generating Notices of Violation from traffic enforcement cameras which are deemed by said ordinance to be prima facie proof of violation(s)."  Doc. #37, PageID#301.

Kuczak is referring to Redflex, the company hired by the City of Trotwood to install and operate the automated traffic cameras.  Redflex allegedly receives a significant portion of each civil penalty collected for violations of TCO § 330.09. Kuczak argues that this is akin to the case of *Tumey v. State of Ohio*, 273 U.S. 510 (1927).  In *Tumey*, the court overturned the conviction of a defendant who was convicted by the village mayor of unlawfully possessing intoxicating liquor. The mayor had an obvious motive to convict because, as compensation for hearing such cases, in addition to his regular salary, he was permitted to keep a portion of the fees collected.  The Court concluded that this scheme violated defendant's due process rights.  *Id.* at 531-32.

Kuczak argues that, like the mayor in *Tumey*, Redflex is "the *de facto* judge who gets paid for each conviction," because the Notices of Liability generated by Redflex equipment are virtually unchallengeable.  Doc. #42, PageID#338.  As Appellees/Defendants note, the same argument was flatly rejected in *Jadeja v. Redflex Traffic Systems, Inc.*, 764 F. Supp. 2d 1192, 1196 (N.D. Cal. 2011).

36

Redflex does not act as a prosecutor for the state. The City of Trotwood reviews the recorded images and determines whether to issue a citation. Under these circumstances, the fact that Redflex receives a portion of each civil penalty collected does not implicate Kuczak's due process rights. Dismissal of this claim is therefore appropriate.

### 8. Summary: Count II

Kuczak lacks standing to challenge TCO § 313.11, given that she was not cited for a red light violation. With respect to her facial and as-applied challenges to TCO § 330.09, the Court finds that she has failed to state a claim upon which relief can be granted. Having fully considered the factors set forth in *Mathews*, the Court concludes that TCO § 330.09 satisfies the procedural due process requirements of the Fourteenth Amendment, and that Kuczak was afforded all requisite due process protections.

The private interest at stake is slight—only $85.00. The risk of an erroneous deprivation of this interest is low. The accuracy of the automated camera equipment is checked on a regular basis, with the results recorded in a log book. Moreover, no Notices of Liability are issued by the City unless the vehicle is clocked going at least 15 mph over the posted speed limit. If the owner of the vehicle was not driving the car at the time of the alleged violation, affirmative defenses exist to ensure that the owner is not held responsible. Under these circumstances, the additional procedural safeguards that Kuczak seeks would serve little useful purpose. Finally, given the Government's significant interest in

37

regulating traffic, and in efficient adjudication of speeding violations, the fiscal and administrative burdens imposed by the additional procedural safeguards sought by Kuczak outweigh any likely benefit.

In short, given that Kuczak has failed to allege a plausible violation of her Fourteenth Amendment due process rights, her claim under 42 U.S.C. § 1983 is subject to dismissal.  Accordingly, the Court SUSTAINS Appellees/Defendants' Motion to Dismiss Count II of the Second Amended Complaint, and DISMISSES the Declaratory Judgment/Class Action claim with prejudice.  The Court now turns to Count I, Kuczak's administrative appeal of the hearing officer's decision.

### B.    Administrative Appeal (Count I)

In Count I of her Administrative Appeal and Second Amended Complaint, Kuczak appeals the February 13, 2013, decision of the hearing officer, finding her responsible for violating TCO § 333.09, and imposing an $85.00 civil penalty.  She alleges that the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, and/or is unsupported by a preponderance of substantial, reliable, and probative evidence."  Doc. #37, PageID#299.

Citing 28 U.S.C. § 1367, Appellees/Defendants argue that, if the Court dismisses the federal claims contained in Count II of the Complaint, the Court should decline to exercise supplemental jurisdiction over the administrative appeal, and should remand Count I to the Montgomery County Court of Common Pleas. Kuczak opposes this suggestion, maintaining that the entire case should be decided in one forum.  In this Court's opinion, although remand would be legally

38

appropriate, *see* 28 U.S.C. § 1367(c)(3) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), it makes more sense, in terms of judicial economy, for this Court to adjudicate the administrative appeal, given its familiarity with the case, the many overlapping issues, and the age of this litigation.

Accordingly, the Court OVERRULES Appellees/Defendants' motion to remand the administrative appeal to the Montgomery County Court of Common Pleas. Before turning to the merits of the appeal, the Court must determine whether judicial review will be limited to the transcript or whether any of the exceptions set forth in Ohio Revised Code § 2506.03(A) warrants the introduction of additional evidence. The parties are DIRECTED to file simultaneous briefs on this issue 30 days from the date of this Decision and Entry. Response briefs may be filed 15 days thereafter.

## V. Conclusion

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Newman's Report and Recommendations (Doc. #50), and SUSTAINS IN PART and OVERRULES IN PART Appellees/Defendants' Objections thereto (Doc. #51).

Appellees/Defendants' Combined Motion to Dismiss Second Amended Complaint and Motion to Remand Administrative Appeal (Doc. #40) is SUSTAINED IN PART and OVERRULED IN PART. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court SUSTAINS the motion to dismiss Count II of the Second

Amended Complaint—the Declaratory Judgment/Class Action claim, and DISMISSES that claim WITH PREJUDICE.

However, the Court OVERRULES the motion to remand Count I, the Administrative Appeal, to the Montgomery County Court of Common Pleas. The parties are DIRECTED to file additional briefs as set forth above.


Date: September 15, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE